UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN J. HEADLEY, et al., | ) Case No. C07-717-JPD |
| Plaintiff, | ) |
| v. | ) |
| FERRO CORPORATION, | ) ORDER ON MOTIONS IN LIMINE |
| Defendant. | ) |

Pending before the Court are the parties' motions in limine (Dkt. Nos. 91 and 93). After reviewing the materials filed in support and in opposition to the motions, the Court rules as follows:

1. <u>Plaintiffs' Motions in Limine</u>:

   A. <u>To Allow Use of copies of Ferro Warnings, MSDS and Faust Deposition in Opening Statement</u>

Plaintiff seeks to use the Ferro Warnings, the Ferro Material Safety Data Sheets ("MSDS"), and portions of a video deposition of William Faust in their opening statement. The motion is GRANTED with respect to use of Ferro Warnings and the MSDS documents. There appears to be no objection to the authenticity of the documents. Rather, the objection proffered is as to whether the plaintiff viewed them or his employer acted upon them and whether use of the documents goes beyond the bounds of an appropriate opening statement. Because the adequacy of warning is a key issue that will be presented to the jury, use of the actual warnings in the opening statement is appropriate. As to use of the Faust deposition in

ORDER ON MOTIONS IN LIMINE
PAGE – 1

the opening statement, the Court will hear further from the parties on this at the final pretrial conference ("FPC") on May 27, 2008.

### B. Evidence of Collateral Source of Benefits

Plaintiffs seek an order precluding the defendant from making reference to payment of Mr. Headley's medical expenses by his medical insurance coverage provider, social security payments, and workers compensation benefits, citing the collateral sources of benefits rules. Ferro acknowledges that the collateral source rule operates to preclude introduction of evidence to reduce an injured party's damages. However, Ferro also argues that the information could be relevant for other purposes, such as providing motive to stay away from work.

The Court will hear further argument from counsel at the FPC. Specifically, the damages theory of the plaintiff is unknown. Plaintiffs' counsel should be prepared to discuss if, and how, plaintiffs' damages theory includes a claim for lack of future employability and whether Mr. Headley intends to assert that he is permanently disabled. Ferro's counsel should be prepared to discuss whether Ferro will be taking the position at trial as to whether the defense is claiming that Mr. Headley is not permanently disabled and whether it will be introducing medical evidence at trial to dispute claims of disability.

### C. References to Calling Fewer than All Experts or Witnesses

The plaintiffs have indicated they may not call all witnesses or experts involved in the case. They seek an order precluding reference to this fact. If the jury hears in an opening statement that they will hear from a particular witness and the witness is not called, then this is an issue that can be discussed before the jury. With respect to experts, the same is true.

Apart from this, the motion is premature. Indeed, there is a universe of possible witnesses that either side could call, if given an unlimited time to try the case. The absence of many of these would have no relevance to the case. On the other hand, the absence of testimony or witnesses on an issue critical to the case of the party with the burden of proof,

ORDER ON MOTIONS IN LIMINE
PAGE – 2

particularly when the evidence would or could be easily obtained is relevant.  This is not a matter that can be decided in the absence of a concrete dispute.  The motion is DENIED, without prejudice to a similar objection at trial, where the context of plaintiffs' objection will be more concrete as to enable the Court to make a relevance determination.

### D. Time or Circumstances of Contact of Attorneys

Plaintiffs seek to bar introduction of evidence regarding the time, circumstances, terms of employment of counsel.  Ferro does not oppose the motion.  The motion is GRANTED.

### E. Reference to Motions in Limine

Plaintiffs seek to bar reference to the filing of motions in limine, and the order of this Court on the motions.  Ferro does not oppose the motion.  Except and unless this Order is deemed to have been violated during trial, the motion is GRANTED.

## 2. Defendant's Motions in Limine

### A. Exclusion of Dr. Dorsett Smith Testimony

The motion is DENIED.  See Order Denying Defendant's Motion to Strike and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  Dkt. No. 105.

### B. Exclusion of All Evidence that Suggest the Product at Issue was Defectively Designed

The motion is DEFERRED pending further briefing.  See Order Denying Defendant's Motion to Strike and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  Dkt. No. 105.

### C. Exclusion of All Evidence that Silica is a Carcinogen

Ferro seeks to bar introduction of any evidence that silica could be carcinogenic.  However, it appears that Ferro wrote to its hazard communications coordinators a ruling by the Occupational Safety and Health Administration ("OSHA") that a cancer warning label statement was required for crystalline silica.  Experts have opined about an increased occurrence between cancer and silicosis.  There appears to be no dispute that the plaintiff

ORDER ON MOTIONS IN LIMINE
PAGE – 3

       suffers from silicosis or that this would be attributable to exposure to silica. The motion is DENIED.

D. Exclusion of All Evidence or Testimony Plaintiff's Fear of Cancer

This motion is DEFERRED to the FPC.

E. Precluding Expert Testimony that Plaintiff Always Wore a Mask

Use of protective equipment and its impact on the occurrence of silicosis is an appropriate subject matter of expert testimony. Ferro seeks to bar the plaintiffs' experts from testifying that he always wore a mask. Mr. Headley does not assert that he always wore a mask. Instead, he testified that he wore it about five-eighths of each day while doing the spraying. Experts can, and in fact, must disclose the basis of their conclusions. Reliance on hearsay and the testimony of the plaintiff is appropriate, even if the underlying evidence would not be admissible, if it is the type of evidence upon which experts would rely. Fed. R. Evid. 703. The defendant's motion is GRANTED to the extent that an expert would actually attempt to base conclusions on the basis of Mr. Headley wearing a mask all the time. The motion is DENIED to the extent that it seeks to bar experts from basing conclusions or opinions based on wearing a mask less than "all the time."

F. Include and Allow Evidence that A.O. Smith Was a Sophisticated User of Ferro's Silica-Containing Product

To the extent that Ferro wishes to call A.O. Smith a sophisticated user, and to the extent that it wishes to establish a foundation that A.O. Smith had knowledge of the potential dangers of the product at issue, Ferro's motion is GRANTED. This evidence could relate to the disputed issues of causation. However, in the Order Denying Defendant's Motion to Strike and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, Dkt. No. 105, the Court set forth its view regarding what constitutes a superceding cause under Washington law, and this will remain the law of the case.

G.    <u>Include A.O. Smith on the Jury Verdict as a Party to Whom a Jury May Allocate Fault</u>

The Court will DEFER decision on this motion pending further argument at the FPC. This ties in, somewhat, to the issue in plaintiff's motion on the collateral source rule (1 B, *supra*) relating to an explanation to the jury as to why A.O. Smith is not a party in the case.

       H.    <u>Exclude Evidence of Warnings and Design Defects Regarding Products Not Manufactured By Ferro</u>

The Court will DEFER this issue to the FPC. At the hearing, counsel should be prepared to discuss the issue of pure silica products sold to A.O. Smith by Ferro and whether silica products sold by other companies to A.O. Smith during this 1976-1993 time period will be introduced or used in evidence.

       I.    <u>Exclude All Evidence of Errors or Deficiencies in the Material Safety Data Sheets Ferro Provided to A.O. Smith</u>

The motion is DENIED. See Order Denying Defendant's Motion to Strike and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Dkt. No. 105.

       J.    <u>Exclude the Speculative Testimony of Dr. Jordan Firestone</u>

The motion is DENIED. See Order Denying Defendant's Motion to Strike and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Dkt. No. 105.

       K.    <u>Exclude the Speculative Testimony of Dr. Samuel Hammar</u>

The motion is DEFERRED for argument to the FPC.

       L.    <u>Exclude All Reference to Insurance</u>

The motion is GRANTED. Plaintiffs have expressed concern about questions regarding employment by jurors. The juror questionaire asks potential jurors to identify their employers. Additionally, the Court will be conducting some voir dire. If the parties wish further information in this area, proposed voir dire questions should be submitted.

ORDER ON MOTIONS IN LIMINE
PAGE – 5

      M.     <u>Exclude All References and Evidence Regarding Prior Claims of Silica-Related Personal Injury</u>

The motion is GRANTED. The information is irrelevant and any probative value is outweighed by the prejudicial impact. Plaintiffs suggest that they have obtained evidence from former Ferro employees that there "probably" have been some such suits, and suggest that absent an on-the-record representation that none of the suits predated 1994, the motion should be denied. Plaintiffs have had a fair opportunity to conduct discovery in this case. A motion in limine is not a substitute for discovery.

      N.     <u>Exclude All Silica-Related Medical and Scientific Articles Without Proper Foundation</u>

The motion is DENIED at this time, without prejudice to raising the issue at the appropriate time at trial. Any material sought to be introduced must have an appropriate foundation. However, to suggest that such information can only be used on cross-examination is without merit. For example, expert testimony offered on direct examination can obviously make reference to medical and scientific evidence, if the information is evidence that would be relied upon by experts in the field. Moreover, documents to show that Ferro had, or should have had knowledge of dangers are admissible. Specific objections should be made at time of trial.

      O.     <u>Exclude Any Cumulative Testimony By Family Members</u>

The motion is DENIED at this time, without prejudice to raise the issue at the appropriate time at trial if Ferro believes that evidence has become cumulative. This is not a matter that can be decided in the absence of a concrete dispute.

      P.     <u>Exclude Any Derogatory Reference to Ferro, Counsel for Ferro, or Ferro's Representatives</u>

The motion is GRANTED as to Ferro's counsel. The motion is overbroad as it relates to Ferro and its conduct, and is therefore DENIED, without prejudice to raise the issue at the appropriate time at trial.

ORDER ON MOTIONS IN LIMINE
PAGE – 6

        Q.     <u>Exclude Any Punitive Language</u>

The plaintiffs have no objection to the motion in limine. It is therefore GRANTED.

        R.     <u>Exclude Any Exhibits Without Proper Foundation or Which Are Hearsay</u>

The motion is DENIED at this time, without prejudice to raising the issue at the appropriate time at trial. Any material sought to be introduced must have an appropriate foundation. Specific objections should be made at time of trial.

        S.     <u>Exclude All Evidence of Comparisons to Other Products</u>

This Motion is DEFERRED to the FPC.

        T.     <u>Exclude All Testimony By Plaintiffs Regarding What They Have Been Told By a Doctor or Other Medical Witness As to Mr. Headley's Physical Conditions and/or Disabilities</u>

This Motion is DEFERRED to the FPC.

        U.     <u>Exclude Use of Deposition Testimony During Opening Statements</u>

As with the plaintiff's motion to use deposition testimony during opening statements (*See supra* § 1.A), the motion is DEFERRED to the FPC.

IT IS SO ORDERED.

DATED this 23rd day of March, 2008.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge